By the Court.
The proposition of plaintiff in error is, that there could be no jurisdiction in the common pleas without a preliminary examination in accordance with the statute ; that there was no such examination shown by the record because the paper was not subscribed by the complainant as required by the statute; that its introduction was, for that reason, error, and the common pleas, was without jurisdiction to hear the complaint-.
We think the admission of the examination was’ not error, and that the common pleas had jurisdiction. It is true that the statute, section 5615, provides that the examination shall be subscribed *441 by the complainant. But the simple neglect to observe this requirement is not such an omission as to render the proceeding void. The record shows a legal complaint, legally presented; the presence of the proper parties; that the complainant was, under oath, examined by the magistrate, and, at great length, cross-examined by counsel for defendant; that the examination thus made was certified by the justice, and was filed by him; that the defendant, upon being required by the justice, entered into recognizance to appear in the common pleas ; that he there appeared, entered his plea, and the trial was commenced without objection. The proceeding is not a criminal one to punish the defendant, but is a civil one for the purpose of affording a remedy to enforce the discharge of a civil and moral duty. The requirement of section 5625, that ‘ ‘the examination before the justice shall be given in evidence by the complainant,” is for the benefit of the defendant. It affords him an opportunity to compare the testimony of the complainant given at the trial with her statements under oath, at the inception of the proceeding-. It is a requirement which the defendant might waive.
And, where all other indicia of indentification specified in the statute are present, and no real doubt exists of the genuineness of the examination, it would be tlie extreme of technicality to hold the mere absence of the complainant’s signature to be a fatal defect. Under the authority of Hoff v. Fisher, 26 Ohio St., 7, and especially considering that proceedings before justices are to be treated with libera] ity, and that, as to matters within the scope of their authority, technical precision is not to be required, the provision of sec *442 tion 5615, that the examination shall be subscribed be the complainant, may well be held to be directory merely. ■

Judgment affirmed.